This is an interpleader suit brought by the Passaic National Bank and Trust Company to determine the rights of the parties as to the ownership of two deposits made in the bank. Defendant Leo Nibbling opened two accounts in the bank, naming himself in one account as trustee for one of his minor children; the other for the other child. Somewhat later these accounts were altered so as to name his wife as an additional trustee. Leo Nibbling became involved in an accident, which resulted in a judgment against him, and the defendant Benjamin Taub was appointed receiver of the property of the judgment debtor. The receiver claims the two bank accounts on the ground that there is no valid trust for the benefit of the two children.
Leo Nibbling and his wife testified that the accounts were intended for the benefit of the children, and if there were no other fact the deposit would be held to be a valid trust for the benefit of the children and, therefore, free from the claim of the judgment creditor. However, it was shown at the hearing that Leo Nibbling was the source of the original deposits and that he made additional deposits from time to time from his own funds, and, from time to time, made withdrawals from the accounts, using the withdrawals for his own personal purposes and not for the benefit of the children. The wife never made any deposits or withdrawals. In other words, although the accounts were nominally in trust for the children, Leo Nibbling treated the accounts as his own funds and used them as such for his own personal convenience. It is, of course, true that he could have made a valid *Page 52 
gift in trust for the benefit of his children, which would be good against a subsequent creditor, as in the instant suit, but the gift to be valid must have been unequivocal, and it must be shown that an absolute gift or trust was intended. Nicklas v.Parker, 69 N.J. Eq. 743; Johnson v. Savings Investment andTrust Co., 107 N.J. Eq. 547.
Since the evidence shows that Leo Nibbling never parted with the dominion over the funds, but always treated them as his own, the mere fact that the funds were nominally entered on the books of the bank as being in trust does not free the accounts from the claim of the judgment creditor.
A decree will be advised that the receiver is entitled to the two accounts. *Page 53